IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE GROUP THERAPY SERVICES, INC., <br><br> PLAINTIFF <br><br> v. <br><br> VILLAGE HEALTH CARE MANAGEMENT, LLC d/b/a UNITED METHODIST VILLAGE NORTH CAMPUS and THE UNITED METHODIST VILLAGE, INC. d/b/a UNITED METOHDIST VILLAGE, <br><br> DEFENDANTS. | Case No. 17-cv-1181 |

## COMPLAINT

Plaintiff, RehabCare Group East, Inc. d/b/a RehabCare Group Therapy Services, Inc. ("RehabCare" or "Plaintiff"), states as follows for its Complaint against Defendants, Village Healthcare, LLC d/b/a United Methodist Village North Campus ("North Village") and The United Methodist Village, Inc. d/b/a United Methodist Village ("United") (collectively, North Village and United are the "Defendants" and individually a "Defendant"):

### NATURE OF THE ACTION

1.  This Action arises out of Defendants' failure to pay for therapy services provided by RehabCare to residents of the skilled nursing facilities owned and/or operated by each Defendant respectively as set forth below.

## THE PARTIES

2. RehabCare is a Delaware corporation with its principal place of business in Louisville, Kentucky. RehabCare provides therapy services to residents of long term care and skilled nursing facilities.

3. North Village is an Illinois limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of North Village are individuals who do not reside in and are not domiciled in Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, North Village is not a citizen of Delaware or Kentucky. North Village may be served through its registered agent Nicholas J. Lynn, 190 South LaSalle St., Ste. 3700, Chicago, Illinois 60603. North Village owns and/or operates a skilled nursing facility located at 2101 James Street, Lawrenceville, Illinois 62439 (the "North Village Facility").

4. United is an Illinois corporation with a principal place of business in Illinois. United may be served through its registered agent Nicholas J. Lynn, 190 South LaSalle St., Ste. 3700, Chicago, Illinois 60603. United owns and/or operates a skilled nursing facility located at 1616 Cedar Street, Lawrenceville, Illinois 62439 (the "United Facility") (collectively, the United Facility and the North Village Facility are the "Facilities" and individually a "Facility").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendants as Defendants transact business in this state.

7. Venue is proper in this Court because Defendants conduct business in this judicial district.

**STATEMENT OF FACTS**

8. On or about November 15, 2010, RehabCare entered into separate but materially similar agreements as modified from time to time with each Defendant to provide therapy services to patients at the Defendants' respective Facilities (the "Agreements").[1]

9. RehabCare performed all obligations required of it under the Agreements as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

10. Pursuant to the Agreements and RehabCare's performance thereunder, Defendants are obligated to pay for the services provided by RehabCare.

11. Despite repeated demands for the sums due and owing under the Agreements, Defendants have failed and refused to pay for services provided by RehabCare. The outstanding balances are accruing interest pursuant to the terms of the Agreements.

12. RehabCare conferred with Defendants numerous times regarding the outstanding invoices for the services provided and amounts past due and made repeated demands for payment.

13. During conferences between RehabCare and Defendants, Defendants represented to RehabCare that the outstanding invoices would be paid and requested that RehabCare continue to provide services.

14. Despite RehabCare's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Defendants failed to pay for services provided by RehabCare.

---

[1] The Agreements contain confidential information, including pricing information, and have not been attached. Copies can be provided to the Court and Defendants upon request and subject to appropriate confidentiality protections.

15. Defendants entered into the Agreements and any modifications with RehabCare to induce RehabCare to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Agreements.

16. Upon information and belief, Defendants have been reimbursed by Medicare for all or a significant portion of the services provided by RehabCare, and have directly or indirectly benefitted from such reimbursement.

### COUNT I – BREACH OF CONTRACT

17. RehabCare incorporates by reference the allegations previously set forth above.

18. The Agreements are valid and enforceable contracts.

19. Without legal justification or excuse, Defendants materially breached the Agreements with RehabCare by failing to perform their obligations thereunder.

20. As a direct and proximate result of the breach of the Agreements, RehabCare has suffered damages.

21. Interest is accruing at 12% per annum on the unpaid balance of invoices pursuant to paragraph 5.3 of the Agreements.

22. Paragraph 5.3 of each of the Agreements provides that: "If RehabCare is required to collect any amounts past due through use of an attorney, then Facility shall be responsible for payment of all of RehabCare's legal fees and other costs of collection." RehabCare has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants. RehabCare is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendants.

### COUNT II – PROMISSORY ESTOPPEL

23. In the alternative to Count I, RehabCare asserts this claim for Promissory Estoppel.

24. Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

25. Defendants made promises to RehabCare for the purpose of inducing it to continue providing services to Defendants.

26. RehabCare reasonably relied upon such promises made by Defendants.

27. Defendants' promises and RehabCare's reliance thereon resulted in detriment and damages to RehabCare and RehabCare is entitled to recover damages in an amount to be proven at trial.

## COUNTS III – UNJUST ENRICHMENT

28. In the alternative to Counts I and II, RehabCare asserts this claim for Unjust Enrichment.

29. Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

30. RehabCare has provided valuable services to Defendants for which it has not been paid.

31. RehabCare's services were rendered under circumstances pursuant to which Defendants reasonably should have expected RehabCare would expect to be compensated.

32. Defendants have knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for services provided by RehabCare, and have wrongfully and intentionally withheld or will withhold such amounts from RehabCare.

33. Consequently, Defendants have been unjustly enriched through the receipt of such services and at the expense of RehabCare.

34. Furthermore, Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to RehabCare if they have not timely paid

5

invoices as required by the Agreements. *See* Medicare Claims Processing Manual, Pub 100-04, Chapter 6, § 10.4.1; *see also* 42 U.S.C. § 1395cc(a)(1)(H)(ii), (g).

35. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for therapy and rehabilitation services provided by RehabCare, plus interest, costs, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, RehabCare requests judgment against Defendants as follows:

A. An award of damages in an amount to be proven at trial;

B. RehabCare's costs, expenses, and attorneys' fees associated with prosecution of this action;

C. The imposition of a constructive trust on sums received by Defendants as Medicare reimbursement for therapy and rehabilitation services provided by RehabCare and not paid for by Defendants;

D. Pre-judgment and post-judgment interest; and

E. All other relief to which RehabCare may be entitled.

Date: October 27, 2017

Respectfully submitted,


/s/ Richard A. Saldinger
Richard A. Saldinger
LATIMER LEVAY FYOCK LLC
55 W. Monroe Street, Ste. 1100
Chicago, IL 60603
Telephone: (312) 422-8000
rsaldinger@llflegal.com

-and-

FULTZ MADDOX DICKENS PLC
Phillip A. Martin
101 South Fifth St., 27th Floor
Louisville, KY 40202
Phone: (502) 588-2000
Fax: (502) 588-2020
pmartin@fmdlegal.com

*Counsel for Plaintiff*