**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **REHAB CARE GROUP EAST, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 17-cv-1181-MJR-SCW** |
| ) | |
| **VILLAGE HEALTH CARE** ) | |
| **MANAGEMENT LLC, and** ) | |
| **UNITED METHODIST VILLAGE, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**ORDER ADOPTING APRIL 16, 2018**</u>
<u>**REPORT AND RECOMMENDATION**</u>

**REAGAN, Chief Judge:**

In the above-captioned case, RehabCare Group East, Inc. (Plaintiff) sues Village Health Care Management LLC and the United Methodist Village, Inc. (collectively, Defendants) – asserting claims for breach of contract, promissory estoppel, and unjust enrichment. The Court enjoys subject matter jurisdiction under 28 U.S.C. 1332. Plaintiff's complaint and amended complaint were filed by attorneys Richard Saldinger of the firm Latimer LeVay Fyock (Chicago, IL) and Phillip A. Martin of the Fultz Maddox firm (Louisville, KY). In a December 19, 2017 motion, Defendants moved to disqualify attorney Saldinger, who joined Latimer Levay Fyock (LLF) in February 2017.

The gist of the motion was that another lawyer at LLF, Jeffrey Bunn, had represented one of the named Defendants (United Method Village) in a contract dispute with Aramark which was settled in March 2016 with payments made by United Methodist Village (UMV) to Aramark until March 2017. Although that matter was

largely wrapped by the time Saldinger joined LLF, and Saldinger was not privy to confidential information from attorney Bunn regarding UMV, Defendants maintained that LLF's representation of Plaintiff in this case constituted a direct conflict of interest based on LLF's representation of UMV in the Aramark dispute.

The undersigned referred the motion to the Honorable Stephen C. Williams, United States Magistrate Judge, who solicited additional briefs and conducted a hearing on the motion. On April 16, 2018, Judge Williams submitted a thorough and detailed Report and Recommendation (R&R, Doc. 59). Judge Williams recommends that the undersigned District Judge *grant* Defendants' motion and disqualify attorney Saldinger and LLF from representing Plaintiff in this case (Doc. 59, p. 10).[1] The R&R plainly stated that any objection must be filed by April 30, 2018 (*Id.*, pp. 10-11). That date passed several days ago with no objection filed. Therefore, the undersigned need not conduct de novo review of the R&R. **28 U.S.C. 636(b)(1)(C) (A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.);** *Thomas v. A***rn, 474 U.S. 140 (1985);** *Johnson v. Zema Systems Corp.***, 170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.***, 797 F.2d 538 (7th Cir. 1986).**

---

[1] The R&R discusses the duties owed to former clients and the concept of imputed disqualification found within the Illinois Rules of Professional Conduct (Rules 1.9 and 1.10) and queries: "Can LLF represent RehabCare against its former client AMV?" (Doc. 59, p. 8). Then the R&R notes that LLF is representing Plaintiff RehabCare in a matter where RehabCare's interests are materially adverse to AMV, and AMV *has not given consent to the representation*, teeing up the question whether the matters are substantially related. Judge Williams found this to be a close call but answered it affirmatively (*id.*, pp. 8-10). Thus, reluctantly Judge Williams concluded Mr. Saldinger should be disqualified from representing Plaintiff in this case.

The Court **ADOPTS** Judge Williams' Report and Recommendation (Doc. 59) in its entirety and **GRANTS** Defendants' motion to disqualify (Doc. 26).   Attorney Saldinger and the firm of Latimer Levay and Fyock LLC are **DISQUALFIED** from representing Plaintiff in this matter.   Remaining as Plaintiff's counsel of record are Phillip A. Martin and the Fultz Maddox firm.   Having resolved Defendants' motion to disqualify, the Court next will take up Plaintiff's motion to strike Defendant's affirmative defenses, which ripened with an authorized reply brief filed by Phillip Martin on April 27, 2018.  That likely will be ruled on within the next 3 weeks.

IT IS SO ORDERED.

DATED: May 3, 2018

 *s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**