IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE GROUP THERAPY SERVICES, INC., | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-cv-1181-SMY |
| VILLAGE HEALTH CARE MANAGEMENT, LLC d/b/a UNITED METHODIST VILLAGE NORTH CAMPUS AND THE UNITED METHODIST VILLAGE, INC. d/b/a UNITED METHODIST VILLAGE, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

Now pending before the Court are Plaintiff's Motions for Partial Summary Judgment (Docs. 105, 132) and Defendants' responses (Docs. 120, 130, 133, 134). For the following reasons, the motions are **GRANTED**.

## Procedural History

Plaintiff RehabCare Group East, LLC d/b/a RehabCare f/k/a RehabCare Group East, Inc. ("RehabCare") filed the instant lawsuit against Defendants Village Health Care Management, LLC. ("Village") and United Methodist Village, Inc. ("UMV") (collectively "Defendants") on October 27, 2017 and filed an Amended Complaint on December 15, 2017 (Docs. 1, 19). RehabCare claims that Defendants failed to pay for therapy services provided by RehabCare to residents of skilled nursing facilities owned and operated by Defendants. It seeks damages for breach of contract, promissory estoppel, and unjust enrichment (Docs. 1, 19). Proceedings were stayed under 11 U.S.C. § 362 due to

Suggestions of Bankruptcy for Defendants, but later reactivated when both bankruptcy cases were dismissed (Doc. 114). Plaintiff now seeks partial summary judgment against Defendants on Count I of the Amended Complaint (breach of contract).

**Factual Background**

The following relevant facts are undisputed: On November 15, 2010, RehabCare entered into a Therapy Services Agreement (as modified from time to time) with Defendants to provide therapy services to patients at Defendants' facilities (the "Agreement") (Docs. 105-2; 132-2). Defendants operated two skilled nursing facilities located at 2101 James Street and 1616 Cedar Street, Lawrenceville, Illinois, with 98 and 143 beds respectively (Doc. 105-2; Doc. 105-3 at 7; Doc. 132-2). Village's Administrator at the time, Briana Crutchfield, signed the Agreement and was authorized to do so (Doc. 105-3 at 14). Similarly, UMV's Administrator, Carol Brown signed the Agreement and was authorized to do so (Doc. 132-2 at 17). Regarding compensation, Article V of the Agreement provides:

> 5.1 Facility shall pay RehabCare Group, Inc., as agent for RehabCare, a service fee each month for the Therapy Services provided by RehabCare, as set forth on Schedules A, B, C and D attached hereto and made a part hereof. . . .
>
> 5.3 RehabCare will forward to Facility each month an invoice for the fees payable by Facility under this Article V, together with payment instructions. Within 45 days after receipt of such invoice, Facility will forward to RehabCare payment in the full amount of such invoice. If any amount so invoiced is not paid on or before its due date, the outstanding balance will bear compound interest from the date of the invoice at a rate of 12% per annum . . . If RehabCare is required to collect any amounts past due through use of an attorney, then Facility shall be responsible for payment of all of RehabCare's legal fees and other costs of collection.
>
> (Doc. 105-2 at 4-5, Doc. 132-2 at 10-11).

RehabCare provided services to residents and submitted monthly invoices (Doc. 89 at 3; Doc. 90 at 3; Doc. 105-2 at 3, 33-34; Doc. 132-2 at 3, 31). Defendants received payments from Medicare based on RehabCare's documented services (Doc. 70 at 7). Despite requests for payment, Defendants never paid for RehabCare's services.

**Discussion**

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact or where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

Under Illinois law, "[t]he elements of a claim of breach of contract are (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015) (internal citations omitted). Here, Defendants contracted with RehabCare for therapy services (Doc. 105-2; Doc. 132-2). It is undisputed that RehabCare then performed services at Defendants' nursing facilities and submitted monthly invoices in accordance with the Agreement. Under the Agreement, Defendants were obligated to pay RehabCare's invoices within forty-five (45) days. Otherwise a 12% interest rate per annum would accrue. But Defendants refused to pay RehabCare, thus failing to perform their duty and breaching the Agreement.

Defendants argue they are not obligated to pay for RehabCare's services because RehabCare allegedly committed fraud. They point to a separate False Claims Act litigation against RehabCare that details the company's fraudulent "ramping" schemes against nursing facilities nationwide, allegedly including Defendants' facilities. But Defendants have failed to produce evidence of RehabCare's fraud or wrongdoing at their facilities in this case.[1] The record also lacks any affidavits

---

[1] In 2019, Defendants claimed that a new Administrator was conducting an audit into the services performed, services billed, and the amount of the billing, but as of April 2021 the audit had not been performed (Doc. 89 at 4; Doc. 90 at 4; Doc. 132-4 at 18).

from Defendants' representatives detailing a ramping scheme at the facility. Defendants' mere allegation of fraud, without more, is insufficient to rebut RehabCare's asserted facts. *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir.2004) ("The existence of a factual dispute is not sufficient to defeat a summary judgment motion, instead the non-moving party must present definite, competent evidence to rebut the movant's asserted facts.").

There is no dispute that RehabCare provided substantial performance according to the parties' written Agreement and is due compensation from Defendants. As such, RehabCare is entitled to summary judgment on Count I. Plaintiff's alternative causes of action asserted in Counts II (promissory estoppel) and III (unjust enrichment) are consequently moot.

## Conclusion

For the foregoing reasons, Plaintiff's Motions for Partial Summary Judgement (Docs. 105, 132) are **GRANTED**; judgment shall be entered against Village Health Care Management, LLC in the amount of $797,912.71 plus $274,116.80 in interest as of July 22, 2019, with interest accruing at a per diem rate of $262.33; and against United Methodist Village, Inc. in the amount $779,211.82 plus $445,079.95 in interest as of May 18, 2021, with interest accruing at a per diem rate of $257.20.

All pending motions are terminated as moot. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 12, 2021**

2021.07.12
11:19:48
-05'00'
**STACI M. YANDLE**
**United States District Judge**