IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE GROUP THERAPY SERVICES, <br><br> Plaintiff, <br><br> vs. <br><br> VILLAGE HEALTH CARE MANAGEMENT, LLC d/b/a UNITED METHODIST VILLAGE NORTH CAMPUS, and THE UNITED METHODIST VILLAGE, INC. d/b/a UNITED METHODIST VILLAGE, <br><br> Defendants. | ) ) ) ) ) ) Case No. 17-cv-1181-SMY ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **MEMORANDUM AND ORDER**

On July 12, 2021, the Court granted summary judgment in favor of Plaintiff and against both defendants on July 12, 2021 (Doc. 135). The Clerk subsequently entered judgment and dismissed the case with prejudice (Doc. 136). Now pending before the Court is Plaintiff's Motion for Attorney Fees and Costs (Doc. 137). Defendants have not filed a response.

Pursuant to its contracts with the defendants, Plaintiff is entitled to attorneys' fees and costs for the legal costs of collecting payment for its services (Doc. 105-2, p. 10; Doc. 132-2, p. 11). The law of the State of Illinois is the governing law for both contracts (Doc. 105-2, p. 14; Doc. 132-2, p. 15). Under Illinois law, contract provisions regarding attorney fees are to be strictly construed and enforced at the discretion of the trial court. *Mirar Dev., Inc. v. Kroner*, 308 Ill.App.3d 483, 488 (1999).

Plaintiff's contracts with the defendants unambiguously provide for legal fees and other costs of collection incurred by Plaintiff in actions brought to collect sums owed for its services.

Thus, summary judgment having been granted in its favor, Plaintiff is entitled to reasonable attorneys' fees and costs. See, *Kaiser v. MEPC Am. Props., Inc.*, 164 Ill.App.3d 978 (1987).

In determining whether a fee is reasonable, the Court considers the hours expended, hourly rates charged, skill of the lawyers, difficulty and importance of the case, usual charges for similar services, the benefit to the client, and "whether there is a reasonable connection between the fees and the amount involved in the litigation." *Kaiser*, 164 Ill.App.3d at 984. The "petition for fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor." *Id.*

According to the Affidavit of Laura M. Brymer attached to Plaintiff's motion, Plaintiff has incurred attorney's fees ($153,355.88) and court costs ($5001.95) totaling $158,357.83 (Doc. 137-1). However, the affidavit does not include sufficient facts and computations relevant to the Court's reasonableness determination. Specifically, Plaintiff retained two law firms, but fails to specify if paralegals or lawyers worked on this matter, what that work entailed, and the duration of that work. As such, the Court cannot determine reasonableness of the fees at this time.

Accordingly, Plaintiff's Motion for Attorney Fees and Costs (Doc. 137) is **TAKEN UNDER ADVISEMENT**. Plaintiff is **DIRECTED** to submit an itemization of the hours worked and by whom within 14 days.

**IT IS SO ORDERED.**

**DATED:  July 21, 2022**

**STACI M. YANDLE**
**United States District Judge**